UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR COLBERT,<br><br>   Plaintiff,<br><br> v.<br><br>TESLA, INC., et al.,<br><br>   Defendants. | Case No. 25-cv-09311-JST<br><br>**ORDER TO SHOW CAUSE AS TO WHY CASE SHOULD NOT BE REMANDED** |

  Defendant Tesla, Inc. removed this case on the basis of diversity jurisdiction, which requires "complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Tesla concedes that Plaintiff Eleanor Colbert names three individual Defendants who, like Colbert, are alleged to be "residents and citizens of the State of California." ECF No. 1 at 8 (quoting ECF No. 1 at 16 (Compl. ¶ 12)). However, it argues that, under 28 U.S.C. § 1441(b)(2), these Defendants' citizenship can be disregarded because they have not been served.

  Tesla's reading of the statute is incorrect. Section 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title [which provides for diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Tesla relies on the phrase "properly joined and served" to argue that the citizenship of unserved defendants need not be considered for purposes of diversity jurisdiction, but this ignores that the statute applies only to cases that are "otherwise removable solely on the basis of" diversity jurisdiction. "For purposes of determining diversity jurisdiction under § 1332(a), the fact that Plaintiff had not yet served the nondiverse defendant at the time of removal is irrelevant." *Wagner*

*v. SpaceX*, No. 2:25-cv-04703-SB-MAR, 2025 WL 2161333, at *1 (C.D. Cal. July 28, 2025). As another district court has explained, a defendant who is a resident and citizen of the same state as the plaintiff and of the state in which the action is brought "serves two roles":

> First, she is a forum-defendant for the purposes of the removal statute. Thus, § 1441(b)(2) would normally bar removal of this case to a district court in California but snap removal would permit it if it was done before she was served. Second, she is a non-diverse defendant who destroys complete diversity. The Ninth Circuit has long held that whether or not a defendant has been served has nothing to do with the complete diversity analysis. And crucially, snap removal has nothing to do with the complete diversity analysis either.

*Guerrero v. SFS Beauty CA LLC*, No. 25-cv-1133-JES-KSC, 2025 WL 2460193, at *3 (S.D. Cal. Aug. 26, 2025).[1] Because Tesla "conflates these two issues, . . . its reliance solely on snap removal to establish diversity jurisdiction is untenable." *Id.*

For the above reasons, it appears that the Court lacks diversity jurisdiction over this case. *See Stelly v. Tesla, Inc.*, No. 25-cv-08933-JSC, 2025 WL 3251469 (N.D. Cal. Nov. 21, 2025) (remanding similar case removed by Tesla for lack of diversity jurisdiction). Because Tesla asserts no other basis for federal jurisdiction, it is ordered to show cause as to why this case should not be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A written response to this order, or a statement that Tesla consents to remand, is due by December 12, 2025. Unless otherwise ordered, the matter will then be taken under submission without oral argument.

**IT IS SO ORDERED.**

Dated: November 26, 2025

_____
JON S. TIGAR
United States District Judge

---

[1] "Snap removal occurs where a party removes the case before a forum-defendant is 'properly joined and served' in the case." *Guerrero*, 2025 WL 2460193, at *2.