UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR COLBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA, INC., et al.,<br><br>        Defendants. | Case No. 25-cv-09311-JST<br><br>**ORDER REMANDING CASE** |

In its order to show cause as to why this case should not be remanded, the Court explained why it believed Defendant Tesla, Inc.'s removal of this case was improper. ECF No. 13. Tesla contends that the Court has diversity jurisdiction under 28 U.S.C. § 1332. It asserts that the individual Defendants' citizenship—which it does not dispute is the same as Plaintiff Eleanor Colbert's citizenship and would therefore deprive the Court of jurisdiction if it were considered—should be disregarded because those Defendants had not been served at the time of removal. The Court explained that, while 28 U.S.C. § 1441(b)(2) might not prevent removal in a case involving a forum-based defendant if that defendant had not yet been served, that did not mean that the citizenship of that defendant is not considered when determining whether diversity jurisdiction exists. ECF No. 13 at 1–2 (citing *Guerrero v. SFS Beauty CA LLC*, No. 25-cv-1133-JES-KSC, 2025 WL 2460193, at *3 (S.D. Cal. Aug. 26, 2025); *Wagner v. SpaceX*, No. 2:25-cv-04703-SB-MAR, 2025 WL 2161333, at *1 (C.D. Cal. July 28, 2025)).

In its response to the order to show cause, Tesla relies on what it acknowledges is dicta from *Cripps v. Life Insurance Company of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992). As explained by another court in this district when it remanded a similar case removed by Tesla: "Neither *Cripps* . . ., which considered whether unserved defendants counted for diversity in

interpleader actions under 28 U.S.C. § 1335, or Congress's 1988 amendments to 28 U.S.C. § 1441, which provided unserved 'Doe' defendants are disregarded for diversity purposes, overrules" Ninth Circuit precedent that "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named *and not from the fact of service*." *Stelly v. Tesla, Inc.*, No. 25-cv-08933-JSC, 2025 WL 3251469, at *1 (N.D. Cal. Nov. 21, 2025); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (emphasis added) (following *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939)). In fact, the Ninth Circuit in *Cripps* distinguished *Vitek* because "[t]he danger that plaintiffs will manipulate the jurisdiction of federal courts" by trying to "create diversity by naming as a defendant a party who is not in fact brought into the lawsuit by service of process" is not present when the court considers what rule to apply to removing parties, who "ha[ve] no control over who was served." *Cripps*, 980 F.2d at 1266 & n.4. Additionally, 28 U.S.C. § 1441(b)(1), which provides that "defendants sued under fictitious names shall be disregarded" when "determining whether a civil action is removable on the basis of [diversity] jurisdiction," does not apply to this case because the individual Defendants here have not been sued under fictitious names.

Accordingly, the Court rejects Tesla's argument that it should not consider the individual Defendants' citizenship. This deprives the Court of diversity jurisdiction. Because Tesla does not assert any other basis for federal jurisdiction, the Court remands this case to the Superior Court of California for the County of Alameda for lack of jurisdiction.[1] The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 31, 2025

_____
JON S. TIGAR
United States District Judge

---

[1] After Tesla filed its response to the order to show cause, the parties agreed to remand this case because they "intend to agree to arbitrate this matter pursuant to a pre-dispute arbitration agreement, and Plaintiff contends this Court would lack jurisdiction over a future proceeding to confirm or vacate any arbitration award." ECF No. 15 at 2. The Court issues this order to make clear that it lacks diversity jurisdiction over the present case, an issue that the parties' stipulated request to remand does not address. The Court also notes that the stipulation listed a different Plaintiff's name in the signature block, *id.*, but it assumes that this was a typographical error.